## Kennedy v. Gelbach.

*Costs — Practice, C. P. — Malicious prosecution — Statute of 22 and 23 Charles II, chap. 9.*

The British Statute of 22 and 23 Charles II, ch. 9, entitled "An act for laying impositions on proceedings at law," does not apply to an action of trespass for malicious prosecution.

Rule to strike off judgment. C. P. Butler Co., June T., 1921, No. 43.

*Marshall & Watson*, for plaintiff.

*E. H. Negley* and *W. H. Martin*, for defendant.

REIBER, P. J., July 15, 1921.—This case is an action of trespass for false arrest and malicious prosecution, and, on trial thereof, resulted in a verdict for the plaintiff for 6¼ cents damages. The defendant paid into court the damages and costs to the extent thereof in the total amount of 13 cents.

Kennedy v. Gelbach.

Judgment was thereupon taken by plaintiff on the verdict and an execution issued to enforce the payment of the balance of the costs, and the matter is before us on such motion to determine whether or not the plaintiff is limited to the amount of damages in his judgment for costs.

The question involves the construction of the British Statute 22 and 23 Charles II, chapter 9, entitled "An act for laying impositions on proceedings at law." The same question was fully considered in Kunkle v. Aiken, 23 W. N. C. 372, and McCormick v. Northeim, 20 Dist. R. 112, and, following the conclusions therein reached that the statute extended to no actions save trespass *quare clausum fregit* and assault and battery, it follows in this case, being an action under the old pleadings of trespass on the case, the injuries being consequential, it does not come within the provisions of the statute.

For these reasons, it becomes the duty of the court to discharge the rule and sustain the judgment.

And now, July 15, 1921, rule to strike off judgment on part of defendant discharged and judgment sustained.

From James E. Marshall, Butler, Pa.